```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
                                                          ELECTRONICALLY FILED
------------------------------------------------------------X  DOC #:_____
                                                  :       DATE FILED: 11/12/2020
   UNITED STATES OF AMERICA                       :
                                                  :
                         -against-                :       19-CR-135 (VEC)
                                                  :
                                                  :              ORDER
   ORLANDO PERALTA,                               :
                                                  :
                                      Defendant.  :
------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 15, 2020, Mr. Peralta, *pro se*, filed a motion requesting home confinement and compassionate release,[1] Def. Mot., Dkt. 26;

WHEREAS on August 14, 2020, the Government filed a letter in opposition to Mr. Peralta's motion and provided his Bureau of Prisons ("BOP") medical records (under seal) and disciplinary records, Dkt. 28;

WHEREAS as of the date of this Order, Mr. Peralta has not filed a reply in further support of his motion for compassionate release;

WHEREAS Mr. Peralta has satisfied the exhaustion requirement as set forth in 18 U.S.C. § 3582(c)(1)(A), *see* Dkt. 26;

WHEREAS this Court may reduce Mr. Peralta's term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it determines that extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. § 3582(c)(1)(A); and

WHEREAS the Court has discretion to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might" put forth in seeking a sentence reduction

---

[1] The Court interprets Mr. Peralta's motion as one seeking compassionate release pursuant to pursuant to 18 U.S.C. § 3582(c)(1)(A). To the extent Mr. Peralta's motion also sought to convert his remaining period of incarceration to home confinement pursuant to 18 U.S.C. § 3624(c), the Court notes that the Bureau of Prisons has the exclusive authority to afford such relief under the statute.

and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP, *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020);

IT IS HEREBY ORDERED that Mr. Peralta's motion for compassionate release is DENIED.  Mr. Peralta has failed to establish extraordinary and compelling reasons and the § 3553(a) factors counsel strongly against a sentence reduction.

In support of his motion, Mr. Peralta points to the ongoing COVID-19 pandemic and the difficulties he faces in protecting himself from this potentially fatal illness while incarcerated.  *See* Def. Mot. at 1.  Mr. Peralta does not identify any medical concerns that would put him at heightened risk of serious illness or death were he to contract COVID-19.  Although the Court acknowledges that that there is a greater risk of contracting COVID-19 while living in a congregate setting as compared to a single-family home or apartment and that inmates are less likely to be able to follow the CDC's guidance to avoid contracting COVID-19, the general dangerousness of the ongoing COVID-19 pandemic alone is insufficient to establish extraordinary and compelling reasons justifying release.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Weeks*, No. 16-CR-167, 2020 WL 1826234, at *3 (S.D.N.Y. Apr. 14, 2020) (holding that defendant's incarceration and the nationwide COVID-19 outbreak are collectively not enough to establish extraordinary and compelling reasons justifying early release).

A review of Mr. Peralta's medical records does not reveal any extraordinary and compelling reasons justifying early release.  Mr. Peralta's only chronic condition appears to be macular and corneal degeneration, as well as other issues with his right eye, none of which is a comorbidity that heightens Mr. Peralta's risk of severe illness from COVID-19.  *See* Medical Records.  According to medical records from 2018 and 2019, Mr. Peralta's height is either 72 or

73 inches, while his weight appears to fluctuate between 198 and 226 pounds.  *See id.* Calculating Mr. Peralta's BMI based on these figures places him squarely in the category of "overweight" and perhaps just barely "obese" at the high end of his weight range.  *See* NIH, *BMI Calculator*, https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last visited Nov. 10, 2020).  The CDC has classified obesity as a condition that places an individual at "increased risk of severe illness" from COVID-19, while being "overweight" renders an individual potentially at risk for severe illness from COVID-19.  *See* Ctrs. for Disease Control & Prevention, *COVID-19: People with Certain Medical Conditions* (Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Nevertheless, absent any additional comorbidities and considering that he is only 28 years old, Mr. Peralta cannot establish extraordinary and compelling reasons justifying compassionate release based solely on being overweight.  *See United States v. Dunich-Kolb*, No. 14-CR-150, 2020 WL 6537386, at *6 (D.N.J. Nov. 5, 2020) (finding that overweight defendant suffering from no other medical issues could not establish extraordinary and compelling reasons); *United States v. Young*, No. 10-CR-20076-01-KHV, 2020 WL 6384362, at *5 (D. Kan. Oct. 30, 2020) (concluding being overweight, even combined with other medical conditions, is not an extraordinary and compelling reason); *United States v. Meyer*, No. 14-CR-230, 2020 WL 6287697, at *8 n.9 (E.D. Wis. Oct. 27, 2020) ("Nearly 3/4 of the American people are either obese or overweight, so it may be difficult for a court to conclude that such a condition, without more, will qualify as unusual or extraordinary for purposes of compassionate release." (internal citation omitted)); *United States v. Broadus*, No. 17-cr-787-2, 2020 WL 3001040, at *2 (S.D.N.Y. June 4, 2020) ("[T]he mere allegation that one is overweight, 'in prison, and [that] there is a COVID-19 outbreak nationwide' is not sufficiently 'extraordinary and compelling' to

justify early release." (quoting *United States v. Rodriguez*, 454 F. Supp. 3d 224, 228 (S.D.N.Y. 2020)).

Even had Mr. Peralta established extraordinary and compelling reasons justifying a sentence reduction, the § 3553(a) factors weigh heavily against Mr. Peralta's early release. Mr. Peralta pled guilty to a violent armed robbery and has approximately eight months remaining on his 33-month sentence. *See* Gov't Resp. at 1–2. Mr. Peralta has also accrued multiple disciplinary infractions, including three within the past year alone and two for assault. *See* Disc. Record at 1–2. The Court readily concludes that reducing Mr. Peralta's sentence would undermine the purposes of his original 33-month sentence, including the need for specific deterrence, as two years of incarceration appear to have done little to reform Mr. Peralta's dangerous impulses. Thus, the § 3553(a) factors provide no basis for reducing Mr. Peralta's sentence.

For the foregoing reasons, Mr. Peralta's motion for compassionate release is DENIED. The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 26 and to mail a copy of this Order to Mr. Peralta at the following two addresses:

Orlando Peralta, Reg. 86222-054, USP Canaan, P.O. Box 300, Waymart, PA 18472; and

Orlando Peralta, Reg. 86222-054, USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 30, Pinellas Park, FL 33781.

**SO ORDERED.**

Date: November 12, 2020
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**