USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,

       -against-

ORLANDO PERALTA,

                                   Defendant.
------------------------------------------------------------ X

19-CR-135 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on July 15, 2020, Mr. Peralta, *pro se*, filed a motion requesting home confinement and compassionate release, Dkt. 26;

       WHEREAS the Court construed his motion as one seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Dkt. 31;

       WHEREAS the Government opposed Mr. Peralta's request, arguing that he demonstrated neither extraordinary and compelling circumstances justifying release nor that the section 3553(a) factors counseled granting his early release, Dkt. 28;

       WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine whether (i) extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *see United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020);

       WHEREAS on November 12, 2020, the Court denied Mr. Peralta's motion for compassionate release, Dkt. 31;

WHEREAS the Court found that Mr. Peralta failed to demonstrate extraordinary and compelling reasons supporting a reduction in his sentence, given that he is only 28 years old and his only relevant medical condition is that he is overweight, Dkt. 31;

WHEREAS the Court also found that granting Mr. Peralta early release would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) given his recent disciplinary infractions and the eight months remaining on his 33-month sentence, Dkt. 31;

WHEREAS on December 1, 2020, the Court received a Motion for Reconsideration of the Court's denial of his compassionate release motion, Dkt. 36; and

WHEREAS Mr. Peralta's motion is dated November 25, 2020, within 14 days after the Court denied his motion for compassionate release, *see* Dkt. 36; *see also* Local Criminal Rule 49.1(d);

IT IS HEREBY ORDERED that Mr. Peralta's Motion for Reconsideration is DENIED. Motions for reconsideration are not included in the Federal Rules of Criminal Procedure but are allowed as a matter of practice. *See, e.g.*, *United States v. Dieter*, 429 U.S. 6, 7–9 (1976); *United States v. Healy*, 276 U.S. 75, 77–79 (1964). Borrowing from the civil context, the legal standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also* Local Criminal Rule 49.1(d) (requiring that a motion for reconsideration be accompanied by a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

In Mr. Peralta's filing, he cites the presence of COVID-19 in USP Canaan, his elevated risk from COVID-19 due to being overweight, his alleged rehabilitation, and a well-formulated release plan.  *See* Motion, Dkt. 36.  Mr. Peralta fails to present any new evidence that was not before the Court in considering his initial motion for compassionate release.  The Court expressly considered Mr. Peralta's entire medical record, including his classification as overweight or borderline obese based on his BMI, and his disciplinary record while incarcerated when evaluating whether to grant his request for early release.  *See* Order, Dkt. 31.  Similarly, while not expressly discussed in the Court's order, Mr. Peralta's release plan was included in his July 15, 2020 letter requesting compassionate release and was assessed as part of the Court's consideration of his request.  *See* Motion, Dkt. 26.  Further, the Court expressly considered the Second Circuit's recent decision in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), stating that it had "discretion to consider 'the full slate of extraordinary and compelling reasons that an imprisoned person might' put forth in seeking a sentence reduction and is not bound by policy statements or guidance articulated by the Sentencing Commission or BOP."  Order, Dkt. 31 (quoting *Brooker*, 976 F.3d at 237).  Thus, Mr. Peralta has provided no new information or controlling decisions warranting reconsideration of this Court's decision.

Mr. Peralta does, however, seem to assert one or two new arguments that, while having no bearing on his motion for compassionate release, appear to represent an attempt to challenge his original sentence.  Citing *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), Mr. Peralta appears to argue that his Sentencing Guidelines range of 33 to 41 months should have been 24 to 28 months, as Hobbs Act robbery "is not a Guideline crime of violence."  Motion at 2, Dkt. 36.  Mr. Peralta also includes a header "Peralta's Accessorial Role," although does not elaborate on the significance of this statement.  *Id.* at 3.  To the extent Mr. Peralta seeks to

challenge his sentence, he must file a petition under 28 U.S.C. § 2255, assuming such a collateral attack is not barred by his plea agreement with the Government.

    The Clerk of Court is respectfully requested to terminate the open motion at Dkt. 36 and to mail a copy of this order to Mr. Peralta at: Orlando Peralta, Reg. 86222-054, USP Canaan, P.O. Box 300, Waymart, PA 18472.

**SO ORDERED.**

Date:  December 14, 2020
       New York, NY

          **VALERIE CAPRONI**
          **United States District Judge**